IGNACIO FLORES LORENZO, peticionario y apelado, *v.* LA JUNTA EXAMINADORA DE INGENIEROS, ARQUITECTOS Y AGRIMENSORES DE PUERTO RICO, demandada y apelante.

No. 4840.—*Sometido:* Febrero 4, 1929. *Resuelto:* Marzo 5, 1929.

*Hon. Attorney General* y *Felipe Janer, Sub-Procurador*, abogados de la apelante; *José Sabater*, abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Dictada sentencia en este caso por la corte de Distrito de Mayagüez el 28 de agosto de 1928, en contra de la demandada, ésta interpuso la presente apelación el 5 de septiembre siguiente. El 10 de septiembre la apelante pidió a la corte que ordenara al taquígrafo la transcripción del récord y la corte accedió. El término concedido fué prorrogado y dentro de la prórroga el taquígrafo archivó una transcripción

que comprende no sólo las pruebas si que también las alegaciones, todo certificado por él mismo como exacto. La transcripción se expidió y certificó por cuadruplicado radicándose el original y una copia en la Secretaría de la corte y enviándose las otras dos copias al demandante y a la demandada. Sometida al juez sentenciador, éste la aprobó como correcta el 12 de noviembre de 1928. Y así aprobada se archivó en la secretaría de esta Corte Suprema el 8 de diciembre último.

 El 15 del propio mes el demandante apelado solicitó la desestimación del recurso porque "de acuerdo con el artículo 40 del Reglamento de este Tribunal Supremo, la apelante ha debido radicar una copia certificada por el secretario de la corte inferior o por los abogados de las partes—además de radicar la transcripción de la evidencia—del legajo de la sentencia, dentro de treinta días de aprobada la transcripción de la evidencia certificada por el taquígrafo, lo cual no ha cumplido . . . . porque ha hecho incluir indebidamente en la transcripción de la evidencia certificada por el taquígrafo las alegaciones de las partes, pretendiendo que dicha transcripción de evidencia constituya el récord completo de la apelación."

El 4 de febrero último se celebró la vista de la moción de desestimación. Sólo compareció la apelante que presentó una certificación expedida por el Secretario de la Corte de Distrito de Mayagüez creditiva de que en la transcripción de evidencia preparada en este caso por el taquígrafo se hallan transcritas en los folios que menciona las alegaciones, órdenes, sentencia, etc., que detalla y que constan en los autos que están bajo su custodia.

Estamos enteramente conformes con la parte apelada en que no es el taquígrafo el funcionario apropiado para certificar las alegaciones, pero no lo estamos en que deba desestimarse la apelación.

La transcripción se archivó en esta corte dentro del

término de ley. Es cierto que una parte del récord no estaba debidamente autenticada, pero ello constituye un error susceptible de corrección, no un abandono absoluto. Y en tales casos no debe desestimarse la apelación si la parte apelante corrige en tiempo el defecto o trata con buena fe de corregirlo.

¿Quedó aquí subsanado el defecto con la certificación del secretario presentada en el acto de la vista de la moción de desestimación?

La circunstancia de haber quedado en secretaría una copia de la transcripción del taquígrafo que comprende las alegaciones certificadas por el secretario en la forma que conocemos y la ausencia de impugnación de la parte contraria, quizá serían suficientes para aceptar la certificación y considerar subsanada la falta. Sin embargo, creemos que la pureza del procedimiento exige que la certificación del secretario no venga aislada sino al pie de los documentos mismos que autentica, a cuyo efecto se concederá un plazo razonable al apelante para archivarla.

*No ha lugar a desestimar la apelación* y se concede a la apelante hasta el 20 de marzo actual para archivar la certificación.